IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | 4:09-cr-00405-LSC-HNJ |
| MICHAEL ROY SHARPE ) | |
| ) | |

MEMORANDUM ACCOMPANYING ORDER REVOKING SUPERVISED
RELEASE

**I.  Background**

In early 2010, Sharpe was convicted of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).  A violation under this chapter is a class C felony with a maximum sentence of imprisonment of ten years and a supervised release term of life. 18 U.S.C. §§ 3559(a)(3), 2252A(b)(2), 3583(k). Pursuant to this congressionally authorized punishment, the Court sentenced Mr. Sharpe to the maximum term of imprisonment and ten years of supervised release to follow. (Doc. No. 22.) Mr. Sharpe's supervised release began on May 11, 2018.

On August 31, 2020, the United States Probation Office filed a petition to revoke Mr. Sharpe's supervised release on the grounds that Mr. Sharpe allegedly solicited mothers to allow him to provide medical consultation with regard to their

children, in violation of Ala. Code 1975 § 34-24-51. (Doc. 26.) Then, on September 1, 2020, the United States Probation Office filed an addendum alleging Mr. Sharpe's failure to properly register as a sex offender. (Doc. 37.)

Before the Court is Sharpe's Sentencing Memorandum. (Doc. 34.) Sharpe argues that any imposition of further imprisonment "following a finding by the Court that Sharpe violated the terms of his supervised release by a preponderance of the evidence would violate the Fifth and Sixth Amendments to the United States Constitution . . . ." (*Id.* at 2.)

The Court disagrees.

## II. Discussion

### A. Judicial revocation of supervised release under § 3583(e) does not implicate the Fifth or Sixth Amendment

The Fifth and Sixth Amendments provide procedural protections for defendants during criminal prosecutions. These protections require "any fact that increases the penalty for a crime beyond the prescribed statutory maximum [to] be submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). For *Apprendi* purposes, the statutory maximum is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *United States v. Cunningham*, 607 F.3d 1264, 1267 (11th Cir. 2010).

However, *Apprendi* does not apply to postrevocation penalties under 18 U.S.C. § 3583(e). "[P]ostrevocation penalties relate to the original offense"—they do not constitute punishment for a new offense. *Johnson v. United States*, 529 U.S. 694, 698–702. (2000). Indeed, a defendant who is on supervised release "stands already convicted of the underlying offenses . . . and was granted only conditional liberty . . . ." *Cunningham*, 607 F. 3d at 1267–68 (11th Cir. 2010). Therefore, these revocation hearings are not new prosecutions protected by the Fifth and Sixth Amendments. *Cunningham*, 507 F.3d at 1267.  Absent these Fifth or Sixth Amendment protections, a judge can reimprison a defendant at a revocation proceeding under 18 U.S.C. § 3583(e)(3) by merely a preponderance of the evidence. *Cunningham*, 607 F.3d at 1265–68 ("declin[ing] to expand the rule of *Apprendi* . . . to supervised release-revocation hearings").

B. *Haymond* does not overturn this precedent

Prior Eleventh circuit rulings remain binding precedent until "that holding has been overruled or undermined to the point of abrogation by a subsequent . . . Supreme Court decision." *Chambers v. Thompson*, 150 F.3d 1324, 1326 (11th Cir. 1998). To constitute an overruling, the Supreme Court decision "must be clearly on point." *Garret v. Univ. of Ala. At Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292

(11th Cir. 2003). The mere weakening of circuit court precedent is insufficient. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

The Supreme Court's ruling in *Haymond* does not qualify under either standard. In *Haymond*, a plurality of the court found part (k) of § 3583 to be unconstitutional as applied to a man whose original sentence was lower than the mandatory minimum term of reimprisonment under part (k). *United States v. Haymond*, 139 S. Ct. 2369, 2385 (2019). However, the plurality opinion expressly limited its holding to section (k), *Id.* at 2383, and both the concurrence and dissent warned against extension of the plurality's reasoning to part (e). *Id.* at 2386 (Breyer, J., concurring); *Id.* at 2399–400 (Alito, J., dissenting). *Haymond* contemplated different language; therefore, the Supreme Court's decision is not "clearly on point." Moreover, *Haymond's* fractured reasoning does not "undermine" Eleventh Circuit precedent to the point of abrogation.

Because *Haymond* does not overrule or abrogate Eleventh Circuit precedent, *Cunningham* remains binding upon this court. Indeed, an extension of *Haymond*'s holding to section (e) would ignore section (e)'s role as part of the congressionally authorized punishment for a defendant's original offense. "'Revocation' of supervised release 'deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of . . . conditional liberty.'" *Id.* at 2399 (Alito, J.,

dissenting) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). Extending Fifth and Sixth Amendment rights to supervised release revocation proceedings would unduly burden the criminal justice system, reduce deterrence for criminals on supervised release, and ignore Congress's authorized punishment for a defendant's violation of his supervised release.

### III.   Conclusion

Because the revocation of Sharpe's supervised release does not implicate the Fifth or Sixth Amendment, this Court was able to sentence him to a period of reimprisonment without a jury and by a preponderance of the evidence. Accordingly, the Court found that Sharpe violated his supervised release and revoked Sharpe's supervised release term as described in doc. 38.

**DONE** and **ORDERED** on October 13, 2020.

L. Scott Coogler
United States District Judge

203171